UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOHAN ALVAREZ,

    Plaintiff,

v.

PARTSMAX, INC., MANNY ROMAN,
CRISTINA ROMAN and LUIS "RICKY" DORTA,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JOHAN ALVAREZ, by and through the undersigned counsel, Todd W. Shulby, P.A., sues the Defendants, PARTSMAX, INC., MANNY ROMAN, CRISTINA ROMAN and LUIS "RICKY" DORTA, and alleges as follows:

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages.

2. Jurisdiction is conferred on this Court by Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1343.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff has been a citizen and resident of this judicial district and within the jurisdiction of this Court.

5. At all times material hereto, PARTSMAX, INC. was an employer as defined by the FLSA.

6. At all times material hereto, PARTSMAX, INC. was Plaintiff's employer as defined

by the FLSA.

7. At all times material hereto, PARTSMAX, INC. was Plaintiff's employer.

8. At all times material hereto, PARTSMAX, INC. was a corporation in the State of Florida.

9. At all times material hereto, PARTSMAX, INC. was conducting business in this judicial district.

10. At all times material hereto, PARTSMAX, INC.'s principal place of business was in Miami, Florida.

11. At all times material hereto PARTSMAX, INC. had employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for interstate commerce by a person. 29 U.S.C. §203.

12. PARTSMAX, INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

13. PARTSMAX, INC., upon information and belief, had anticipated revenue in excess of $500,000 per annum.

14. At all times during Plaintiff's employment, MANNY ROMAN was Plaintiff's employer as defined by law.

15. At all times during Plaintiff's employment, MANNY ROMAN was an owner of PARTSMAX, INC.

16. At all times during Plaintiff's employment, MANNY ROMAN was an officer of PARTSMAX, INC.

17. At all times during Plaintiff's employment, MANNY ROMAN was paid a salary by

PARTSMAX, INC.

17. 18.	At all times during Plaintiff's employment, MANNY ROMAN shared in or was entitled to a share of the profits of PARTSMAX, INC.

19.	At all times during Plaintiff's employment, MANNY ROMAN had operational control over PARTSMAX, INC.

20.	At all times during Plaintiff's employment, MANNY ROMAN was directly involved in decisions affecting employee compensation and hours worked by employees, including Plaintiff.

21.	At all times during Plaintiff's employment, MANNY ROMAN controlled the finances for PARTSMAX, INC.

22.	At all times during Plaintiff's employment, MANNY ROMAN was Plaintiff's manager and/or supervisor.

23.	At all times during Plaintiff's employment, MANNY ROMAN's primary duty was to manage and/or supervise PARTSMAX, INC.

24.	At all times during Plaintiff's employment, MANNY ROMAN customarily and regularly directed the work of employees at PARTSMAX, INC.

25.	At all times during Plaintiff's employment, MANNY ROMAN had the authority to hire and/or fire other employees.

26.	At all times during Plaintiff's employment, MANNY ROMAN's suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight.

27.	At all times during Plaintiff's employment, CRISTINA ROMAN was Plaintiff's employer as defined by law.

28.	At all times during Plaintiff's employment, CRISTINA ROMAN was an owner of

PARTSMAX, INC.

29. At all times during Plaintiff's employment, CRISTINA ROMAN was an officer of PARTSMAX, INC.

30. At all times during Plaintiff's employment, CRISTINA ROMAN was paid a salary by PARTSMAX, INC.

31. At all times during Plaintiff's employment, CRISTINA ROMAN shared in or was entitled to a share of the profits of PARTSMAX, INC.

32. At all times during Plaintiff's employment, CRISTINA ROMAN had operational control over PARTSMAX, INC.

33. At all times during Plaintiff's employment, CRISTINA ROMAN was directly involved in decisions affecting employee compensation and hours worked by employees, including Plaintiff.

34. At all times during Plaintiff's employment, CRISTINA ROMAN controlled the finances for PARTSMAX, INC.

35. At all times during Plaintiff's employment, CRISTINA ROMAN was Plaintiff's manager and/or supervisor.

36. At all times during Plaintiff's employment, CRISTINA ROMAN's primary duty was to manage and/or supervise PARTSMAX, INC.

37. At all times during Plaintiff's employment, CRISTINA ROMAN customarily and regularly directed the work of employees at PARTSMAX, INC.

38. At all times during Plaintiff's employment, CRISTINA ROMAN had the authority to hire and/or fire other employees.

39. At all times during Plaintiff's employment, CRISTINA ROMAN's suggestions or

recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight.

40. At all times during Plaintiff's employment, LUIS "RICKY" DORTA was Plaintiff's employer as defined by law.

41. At all times during Plaintiff's employment, LUIS "RICKY" DORTA was paid a salary by PARTSMAX, INC.

42. At all times during Plaintiff's employment, LUIS "RICKY" DORTA shared in or was entitled to a share of the profits of PARTSMAX, INC.

43. At all times during Plaintiff's employment, LUIS "RICKY" DORTA had operational control over PARTSMAX, INC.

44. At all times during Plaintiff's employment, LUIS "RICKY" DORTA was directly involved in decisions affecting employee compensation and hours worked by employees, including Plaintiff.

45. At all times during Plaintiff's employment, LUIS "RICKY" DORTA controlled the finances for PARTSMAX, INC.

46. At all times during Plaintiff's employment, LUIS "RICKY" DORTA was Plaintiff's manager and/or supervisor.

47. At all times during Plaintiff's employment, LUIS "RICKY" DORTA's primary duty was to manage and/or supervise PARTSMAX, INC.

48. At all times during Plaintiff's employment, LUIS "RICKY" DORTA customarily and regularly directed the work of employees at PARTSMAX, INC.

49. At all times during Plaintiff's employment, LUIS "RICKY" DORTA had the authority to hire and/or fire other employees.

50. At all times during Plaintiff's employment, LUIS "RICKY" DORTA's suggestions or recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees were given particular weight.

52. While working for PARTSMAX, INC., Plaintiff was individually engaged in interstate commerce.

53. While working for PARTSMAX, INC., a substantial part of Plaintiff's work was to deliver goods and materials that came from states outside the State of Florida.

54. While working for PARTSMAX, INC., a substantial part of Plaintiff's work was to collect and process payments through banks outside the State of Florida.

## COUNT I: FLSA RECOVERY OF OVERTIME WAGES

55. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54 above.

56. Plaintiff worked for Defendants from approximately October 15, 2015 to March 27, 2020.

57. Plaintiff worked for Defendants as a delivery driver.

58. Plaintiff's primary duties and responsibilities included delivering parts, goods and materials to Defendants' clients and customers in the State of Florida.

59. Plaintiff was paid at a rate of $12.75 per hour at the end of his employment.

60. Plaintiff was not paid on a salary basis.

61. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

62. During one or more workweeks, Defendants did not pay Plaintiff time and one-half Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

63. Defendants knew or showed reckless disregard of the unpaid and/or underpaid hours worked.

64. Defendants knew or showed reckless disregard of the above FLSA violations.

65. Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

66. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

67. Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

### COUNT II: FLSA RECOVERY OF OVERTIME WAGES
### COLLECTIVE ACTION COUNT

68. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54 above.

69. Plaintiff worked for Defendants from approximately October 15, 2015 to March 27, 2020.

70. Plaintiff worked for Defendants as a delivery driver.

71. Plaintiff's primary duties and responsibilities included delivering parts, goods and materials to Defendants' clients and customers in the State of Florida.

72. Plaintiff was paid at a rate of $12.75 per hour at the end of his employment.

73. Plaintiff was entitled to time and one-half Plaintiff's regular rate of pay for hours worked over 40 hours per week.

74. During one or more workweeks, Defendants did not pay Plaintiff time and one-half

Plaintiff's regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. §207.

75. Defendants knew or showed reckless disregard of the unpaid and/or underpaid hours worked.

76. Defendants knew or showed reckless disregard of the above FLSA violations.

77. Other employees of Defendants, who were employed in the same or similar capacity as Plaintiff, and who performed the same or similar job duties and responsibilities as Plaintiff, also were not paid time and one half their regular rate of pay for overtime hours worked in one or more workweeks by Defendants.

78. Plaintiff, and other similarly situated employees, were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. §207.

79. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff, and others similarly situated, has suffered damages, including liquidated, and will continue to incur costs and attorneys' fees.

80. Plaintiff, and the others similarly situated, are owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff, on behalf of Plaintiff and others similarly situated, hereby demands judgment against Defendants for all unpaid wages, liquidated damages, attorney's fees and costs and demands a trial by jury for all issues so triable.

### **COUNT III: FLSA RETALIATION**

81. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54 above.

82. The FLSA, 29 U.S.C. §215(a) protects from retaliation employees who file complaints alleging FLSA violations or who participate in FLSA proceedings initiated by themselves or others.

83. The FLSA prohibits any "person," including an employer, from discharging, retaliating against, demoting, harassing, or in any other manner discriminating against and employee for engaging in protected activity; that is, a worker's assertion of his or her rights.

84. Plaintiff worked for Defendants from approximately October 15, 2015 to March 27, 2020.

85. Plaintiff worked for Defendants as a delivery driver.

86. Plaintiff's primary duties and responsibilities included delivering parts, goods and materials to Defendants' clients and customers in the State of Florida.

87. Plaintiff was paid at a rate of $12.75 per hour at the end of his employment.

88. Plaintiff was qualified for Plaintiff's position with Defendants.

89. Defendants took adverse action against and discriminated against Plaintiff because Plaintiff informed others and/or complained about Defendants' unlawful pay practices which were in violation of the FLSA.  29 U.S.C. §201, *et seq*.

90. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages, and seeks to be compensated and reimbursed from Defendants for all damages sustained, including payment of wages lost, employment, reinstatement, promotion, emotional pain and suffering, mental anguish, damage to reputation and other compensatory damages, liquidated damages, and punitive damages, in addition to all costs and attorneys' fees incurred.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for damages, including liquidated damages and punitive damages, and attorney's fees and costs and demands a

trial by jury for all issues so triable.

<u>TRIAL BY JURY</u>

Plaintiff demands a trial by jury on all issues so triable.

<u>NOTICE OF CONSENT TO JOIN</u>

I, JOHAN ALVAREZ, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party Plaintiff in this action and to be represented by Todd W. Shulby, P.A. I further declare that the foregoing allegations are true and correct to the best of my knowledge and belief.

_____
JOHAN ALVAREZ, as Plaintiff

_____   03/22/2022
DATE

Respectfully submitted,

TODD W. SHULBY, P.A.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone No.: (954) 530-2236
Facsimile No.: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Plaintiff

By:   /s/Todd W. Shulby, Esq.
      Todd W. Shulby, Esq.
      Florida Bar No.: 068365